Penny Hahn and Ronald Hahn, Plaintiffs-Appellants,
Cigna Healthcare, Inc., Subrogated-Plaintiff,
v.
Trig's Food and Drug, Inc. and Society Insurance Company, Defendants-Respondents.
No. 04-1248-FT.
Court of Appeals of Wisconsin.
Opinion Filed: November 30, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Penny and Ronald Hahn appeal a summary judgment dismissing their personal injury action against Trig's Food & Drug, Inc. and its insurers.[1] The Hahns allege negligence and violation of the Safe Place Statute[2] based on an injury Penny suffered when an automatic door unexpectedly closed, striking her elbow. The trial court concluded that the action could not be maintained because the Hahns' expert witness, Russell Fote, could not establish beyond speculation or conjecture that Hahn's injuries were caused by Trig's failure to inspect the automatic door. Because we conclude that the Hahns presented sufficient evidence to preclude summary judgment, we reverse the judgment and remand the matter for further proceedings.
¶2 Fote, a safety engineer, presented two theories concerning defects in the automatic door: (1) the presence sensor malfunctioned and the defect would have been disclosed if the store manager had performed the daily inspection recommended by the manufacturer; and (2) the door closed with too much speed and force, a fact that Fote believes he can infer from the manager's failure to inspect. Focusing primarily on the second theory, the trial court concluded that Fote's opinion amounted to impermissible speculation or conjecture and there was no reason to believe inspection would have disclosed any defect. The Hahns do not address the ruling as to the second theory on appeal and we deem that theory abandoned. See McGivern v. Amasa Lumber Co., 77 Wis. 2d 241, 245, 252 N.W.2d 371 (1977).
¶3 However, the Hahns presented sufficient evidence to defeat summary judgment on the first theory. Summary judgment is not appropriate if the material presented on the motion is subject to conflicting interpretations where reasonable people might differ as to its significance. See Grams v. Boss, 97 Wis. 2d 332, 338-39, 294 N.W.2d 473 (1980). Every reasonable inference must be drawn in favor of the party opposing the motion for summary judgment. Id. A proper inference is one drawn from logic and deduction. Id. Speculation and conjecture, on the other hand, apply to a choice between liability and nonliability where there is no reasonable basis in the evidence upon which a choice can be made. See Merco Dist. Corp. v. Commercial Police Alarm Co., Inc., 84 Wis. 2d 455, 460, 267 N.W.2d 652 (1978).
¶4 Fote's observation that the sensor mechanism failed is obvious from the fact that the door closed while Hahn was standing in the doorway. As an expert on safety and automatic doors, Fote's knowledge of the manor in which malfunctions can occur and the nature of the inspection process entitle him to express his opinion that daily inspection would have detected the defect. From his experience with similar doors, Fote stated that the manufacturer's stickers on the door called for daily inspection. The trial court erroneously stated that Fote had no proof that the safety sticker was on the door. Trig's manager's deposition established that fact and Fote was allowed to rely on his statement.
¶5 Under the Safe Place Statute, Trig's had a duty to make its premises as safe as was reasonably permissible. By failing to inspect the automatic door as suggested by the manufacturer, Trig's is deemed to have constructive notice of the door's defect. See Karis v. Kroger, 26 Wis. 2d 277, 283-85, 132 N.W.2d 59 (1965). When one owing a duty to make a place of employment safe fails to do so and an accident occurs which the performance of the duty was designed to prevent, the law presumes the damage resulted from and was caused by the failure. See Umnus v. Wisconsin Pub. Serv. Corp., 260 Wis. 433, 438, 51 N.W.2d 42 (1952). The combination of the sensor's failure to hold the door open, the manager's concession that a safety sticker was on the door and that he did not inspect and Fote's opinion that inspection would have disclosed the defect constitute sufficient basis for presenting the negligence and safe place issues to the jury.
By the Court.  Judgment reversed and cause remanded.
NOTES
[1] This is an expedited appeal under WIS. STAT. RULE 809.17 (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] WIS. STAT. § 101.11(1).